IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DONNY JAMES, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. |
| | : | **1:05-CV-1 (WLS)** |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
|     Defendant. | : | |

_____

## RECOMMENDATION

The plaintiff herein filed an application for disability benefits and Supplemental Security benefits on June 7, 2001; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 5, 2004.  In a decision dated June 28, 2004, the ALJ denied plaintiff's claim.   The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner.   The plaintiff subsequently filed an appeal to this court.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person

would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).  Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age,

education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of degenerative arthritis of the feet, traumatic arthritis of the left knee, degenerative joint disease in the right knee, and hepatitis C, but that he retained the residual functional capacity to perform a significant range of sedentary work.

In 1975, while playing football for the Navy, plaintiff suffered a knee injury that required surgery. (*Trans.*. at 569.)  In 1989, plaintiff underwent another surgery. (*Id*.) Again, the treatment was only a partial success: In February 2004, after examining Mr. James's knees, Dr. David Lipton of the Veteran Affairs hospital concluded that Mr. James was, by that time, experiencing "moderate disability" of his left knee. (Trans. at 571.)  Plaintiff also alleges disability due to several arthritis-related problems in his feet and toes, dating back to 1974.  Plaintiff had surgery in 1979. (Trans. at 570.)

An X-ray of Mr. James's right foot taken at Dr. Lipton's direction revealed that Mr. James suffers from degenerative osteoarthritis in the joints of the second, third, fourth, and fifth toes. (*Id*. at 571.) Furthermore, Dr. Lipton's examination revealed "bilateral pes planus [flat feet] with mild disability to function" and "moderately severe disability in all toes of both feet." (*Id*.) Finally, Dr. Lipton noted "severe weakness and fatigability" in the toes of both feet. (*Id*.)

Plaintiff has also been diagnosed with acute pancreatitis—or inflammation of the pancreas—which seems to spring from a history of alcohol abuse. Although plaintiff testified to one year's sobriety at the hearing before the ALJ, (*Id*. at 617.), on two occasions he suffered bouts of alcohol-related pancreatitis so severe that he was admitted to the hospital. (*Id*. at 103-07, 373-77.)

Plaintiff also claims disability due to his diagnosis of hepatitis C and his alleged fatigue from hepatitis as the basis for his alleged inability to work.  Plaintiff was not diagnosed with hepatitis C until December 2001 or January 2002, nearly a year after his alleged onset date (Tr. 303-13). Plaintiff's primary complaint at the time he was diagnosed with hepatitis C was urinary tract problems, not fatigue or other relevant symptoms (Tr. 303-13). Medical records from February 2002 indicate that plaintiff received treatment for his complaints of urinary tract problems and pain in his elbow and knees, but he apparently had no complaints associated with his hepatitis C and an examination was essentially unremarkable (Tr. 297-302).

Plaintiff received treatment in March 2002 for his cocaine, marijuana, and alcohol abuse, with little discussion of hepatitis C or any significant physical complaints (Tr. 267-96). Plaintiff received some education regarding his hepatitis C in March 2002, but no apparently no treatment (Tr. 556). He also complained of headaches in March 2002, but the records do not indicate he had any problems associated with hepatitis C (Tr. 551-55).

Plaintiff did not seek further care until June 2002, when he claimed his hepatitis C prevented him from working and inquired about the application process for a Veterans Administration non-service connected pension (Tr. 549). Plaintiff also sought treatment for dental problems and allegations of fatigue related to his hepatitis (Tr. 545-48, 562-66). A physical examination was basically normal (Tr. 564). Plaintiff 's doctors requested psychiatric clearance for plaintiff to receive antiviral (interferon) therapy (Tr. 542-44, 566-67).  The treatment notes indicate that plaintiff's doctors were primarily concerned about plaintiff's continued alcohol abuse (Tr. 543, 566). Plaintiff was drinking as many as six beers a day and his doctors were concerned that the antiviral medication might cause enough dysphoria to cause plaintiff to fully relapse into his

4

alcohol abuse (Tr. 543, 563). Plaintiff was advised to stop drinking alcohol and to be free of alcohol for at least six months before considering starting antiviral therapy (Tr. 566).

Although plaintiff sought treatment for nausea and vomiting on June 17, 2002 (Tr. 537-41), he did not show up for his scheduled psychiatric evaluation in June 2002 and the record does not include a psychiatric evaluation needed to start antiviral therapy (Tr. 532, 542). Plaintiff apparently was seen by Dr. Sullword at some point, but he merely determined that antiviral therapy should not be started due to instability (Tr. 527-29). The evidence indicates that plaintiff did not stop abusing alcohol as required before he could receive antiviral therapy (Tr. 566). In February 2003, plaintiff was admitted to the hospital for pancreatitis associated with his alcohol abuse (Tr. 373-517). In May 2003, plaintiff complained of fatigue and was scheduled for a substance abuse screening, but he did not show up (Tr. 527-32).

An examination by Dr. Juanita Trimor on June 25, 2002, did not reveal medical findings to support plaintiff's allegations regarding his hepatitis C or any other condition (Tr. 345-49). Similarly, an examination by Dr. David Lipton in February 2004 also was unremarkable (Tr. 569-73).

As the ALJ noted, no physician placed limitations on plaintiff due to his hepatitis C or any other condition that would prevent him from performing all work activity (Tr. 15, 16).

Plaintiff asserts that the ALJ improperly discounted his complaints of disabling pain and fatigue caused by Hepatitis C.    Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and
> either (2) objective medical evidence that confirms the severity of the alleged pain

arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

    A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

    Plaintiff states that the ALJ noted that Hepatitis C could cause the fatigue he alleged.  (Tr. 646).  However plaintiff alleges the ALJ did not articulate specific reasons for discounting plaintiff's subjective complaints, merely noting in her decision that

> [h]e is not on any interferon..... and more recent treatment records verify he has not been on interferon treatment and that no treating or examining physician has placed any limitations or restrictions upon the claimant for hepatitis C.  While he has complained of fatigue, there is no indication this fatigue has caused any limitations or restrictions that would preclude all work activity.

(Tr. 15).

It appears to the undersigned that the ALJ considered more important the fact that no medical provider indicated any work-related limitations on plaintiff because of his hepatitis C, rather than the fact that plaintiff was not taking interferon.  While the ALJ could have been more thorough in this particular area in her decision, remand is a "wasteful corrective exercise" when no further findings could be made that would alter the ALJ's decision given the record as a whole.  Ware v. Schwieker, 651 F.2d 408, 412 (5th Cir. 1981).  Remand is not necessary unless the record reveals evidentiary gaps that result in unfairness or clear prejudice.  Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997).     Keeping in mind the fact that the court may not re-weigh the evidence, and the fact that the court must affirm even if the evidence preponderates against the decision, it does appear that the ALJ's decision was supported by substantial evidence.  Bloodsworth, 703 F.2d at 1239.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 28th day of February, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd

7